UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICKY DALE GUESS                                                                PETITIONER

v.                                                 CIVIL ACTION NO. 3:11CV-442-S

JUDGE BOWLES                                                            RESPONDENT

## MEMORANDUM OPINION

Petitioner Ricky Dale Guess, *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges an upcoming state-court trial in Jefferson District Court (No. 11-M-017183) scheduled to be held on or about October 13, 2011. Arguing that he was previously prosecuted in Jefferson Family Court (No. 06DS00249-004) for the offense that forms the basis of the pending state district-court action, he alleges due process and double jeopardy violations, perjury in his prior action, and an excessive bond.

To warrant relief under § 2241, Petitioner is required to exhaust his state remedies prior to bringing such an action. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court has nevertheless held that a petitioner must exhaust his state remedies before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden*, 410 U.S. at 489. The exhaustion requirement was born of the principles of comity and federalism. Although federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, courts have

long recognized that they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546.

> [The abstention] doctrine "preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts." Note, Developments in the Law Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970).

*Braden*, 410 U.S. at 490-91.

In the § 2241 petition, Petitioner marks "Yes" to the question as to whether he exhausted all available administrative or judicial remedies relating to his claims. He further marks that he presented the double-jeopardy issue to "Federal court." He fails, however, to specify any particular previously filed federal action that he purportedly brought with respect to that claim, and a review of this Court's records does not indicate that he previously presented the claim to this Court. In fact, it appears that Petitioner is indicating that he is *now* exhausting his double-jeopardy issue in this federal Court. This does not constitute exhaustion of his available state-court remedies. As to the "perjury" ground, it is unclear what federal constitutional provision this even encompasses. Nevertheless, while he states that he exhausted that claim in state family court, he does not indicate that he exhausted the claim in the current pending state district-court action. Additionally, later in the § 2241 form, when specifically asked if he has raised his claims in the state court, he marks "No."

Clearly, Petitioner has not exhausted his claims in state court prior to filing this federal habeas action. To rule on the merits of his petition would at this time undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

For these reasons, the petition must be dismissed to allow the state courts to have the first opportunity to address the constitutional challenges Petitioner now raises.

## Certificate of Appealability

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

3

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: September 16, 2011

Charles R. Simpson III, Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
Clerk, Jefferson District Court
4411.005